IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 08-00180 JMS |
|---|---|
| Plaintiff, | ) ORDER DENYING MOTION TO ) REDUCE SENTENCE |
| vs. | ) |
| KADON I. ZIMMERMAN, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO REDUCE SENTENCE

## I. INTRODUCTION

On October 27, 2008, Defendant Kadon I. Zimmerman ("Zimmerman") was sentenced to 96 months incarceration after a plea of guilty to being a felon in possession of a firearm. He now seeks a reduction of that sentence based on a post-sentence elimination of "recency" criminal history points under the United States Sentencing Guidelines ("USSG"). Because this USSG amendment is not applied retroactively, Zimmerman's Motion to Reduce Sentence is DENIED.[1]

---

[1] Although brought under 28 U.S.C. § 2241, the court construes Zimmerman's motion as brought pursuant to 18 U.S.C. 3582(c)(2).

## II. ANALYSIS

A court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides in part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

USSG § 1B.10 provides a mechanism for a reduction of such a sentence and sets forth "exclusions" to the relief available under 18 U.S.C. § 3582(c). Specifically, a reduction in sentence is not authorized under § 3582(c) if "none of the amendments listed in subsection (c) is applicable to the defendant." USSG § 1B1.10(a)(2)(A).

At issue in this case is United States Sentencing Commission Amendment 742, effective November 1, 2010, eliminating the "recency" criminal history points previously set forth in USSG § 4A1.1(e).[2] The USSG manual

---

[2] Prior to the 2010 Amendment, USSG 4A1.1(e) required a court in specific circumstances to add 1 or 2 points "if the defendant committed the instant offense less than two years after release from imprisonment . . . ."

2

incorporating the amendments effective November 1, 2010, however, did not make Amendment 742 retroactive. *See* USSG § 1B1.10(c). And because Amendment 742 is not listed in USSG § 1B.10(c), the court is without authority to reduce Zimmerman's sentence. Other courts concur. *See e.g.*, *United States v. Koski*, 2011 WL 1400004 (D. Neb. Apr. 12, 2011); *United States v. Pugh*, 2011 WL 917747 (D. S.C. Mar. 16, 2011); *United States v. Cabrera*, 2011 WL 476616 (S.D.N.Y. Feb. 9, 2011).

### III. CONCLUSION

Zimmerman's Motion to Reduce Sentence is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 25, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Zimmerman*; Cr. No. 08-00180 JMS; Order Denying Motion to Reduce Sentence